UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LARRY GROVES,<br>    Petitioner, | Case No. 1:10-cv-735 |
| vs. | Spiegel, J.<br>Litkovitz, M.J. |
| OHIO ADULT<br>PAROLE AUTHORITY,[1]<br>    Respondent. | REPORT AND<br>RECOMMENDATION |

Petitioner, who apparently is currently in state custody under the supervision of the Ohio Adult Parole Authority, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 8). This matter is before the Court on the petition and respondent's "Answer/Return Of Writ" with exhibits. (Docs. 8, 13).

**I. PROCEDURAL HISTORY**

**State Trial Proceeding**

In February 2007, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with two counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(4) and four counts of rape in violation of Ohio Rev. Code § 2907.02(A). (Doc. 13, Ex. 1). On October 10, 2007, petitioner pleaded guilty to two of the rape counts in exchange for the dismissal of the four remaining charges and an agreed sentence of concurrent three-year prison terms. (Doc. 13, Ex. 2). The matter was scheduled for sentencing on January 11, 2008.

---

[1] In the petition, petitioner properly named the Warden of Chillicothe Correctional Institution (CCI) as respondent, because he was incarcerated at CCI when he initially submitted the petition to the Court for filing. (*See* Doc. 8). On December 7, 2010, petitioner notified the Court that he is no longer incarcerated and provided his "new" residential address located in Cincinnati, Ohio. (Doc. 4). Respondent states in the return of writ filed in May 2011 that petitioner was released from prison on November 25, 2010 to the supervision of the Ohio Adult Parole Authority (OAPA). (Doc. 13, Brief, p. 3). Because it appears that the OAPA is the state entity that now has custody of petitioner, the caption of this case has been changed to reflect that the OAPA, as petitioner's current custodian, is the proper party respondent in this action. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

(Doc. 13, Ex. 12).

In December 2007, the trial court received a letter from petitioner requesting to withdraw his guilty plea. (Doc. 13, Ex. 3). On January 7, 2008, petitioner, who was assisted by new counsel, also filed a formal motion to withdraw the guilty plea. (Doc. 13, Ex. 4). However, on March 14, 2008, petitioner's counsel filed a pleading on petitioner's behalf withdrawing the motion to withdraw plea. (Doc. 13, Ex. 5). On the same date, petitioner was sentenced in accordance with the plea agreement to concurrent three-year prison terms for the two rape offenses. (Doc. 13, Ex. 6). Respondent states that petitioner did not pursue an appeal from his conviction or sentence. (*See* Doc. 13, Brief, p. 2).

### State Post-Conviction Proceeding

On March 16, 2009, over one year after final judgment was entered on March 14, 2008, petitioner filed a *pro se* petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 with the trial court. (*See* Doc. 13, Ex. 8). Petitioner alleged as the sole ground for relief that he "was deprived of [the] ability to protect himself from double jeopardy in violation of due process." (Doc. 13, Ex. 8). Specifically, he contended that "he was not adequately informed of the charges against him because they were not specific enough to enable him to present a defense" and that the duplicative nature of the "carbon copy" charges amounted to a double jeopardy violation. (*See* Doc. 13, Ex. 8).

On March 19, 2009, the trial court filed an Entry summarily overruling the petition for post-conviction relief on the ground that it was "NOT well taken." (Doc. 13, Ex. 9). In so ruling, the court pointed out that petitioner had entered a guilty plea to agreed charges and an agreed sentence and was sentenced pursuant to that agreement. (Doc. 13, Ex. 9). Respondent states that

petitioner did not pursue an appeal in the state courts from the denial of post-conviction relief. (Doc. 13, Brief, p. 3).

## Federal Habeas Corpus

The instant petition was received for filing by the Clerk of Court on October 21, 2010. (*See* Doc. 8).[2] Petitioner alleges as the sole ground for relief that "[t]he trial court abused its discretion in not allowing petitioner to withdraw his guilty plea prior to sentencing." (Doc. 8, p. 6).

In the return of writ filed in response to the petition, respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). (Doc. 13, Brief, pp. 3-5). Respondent also alternatively argues that petitioner has waived his claims for relief as a result of his procedural defaults in the state courts. (Doc. 13, Brief, pp. 5-7).

## II. THE PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT IS TIME-BARRED UNDER 28 U.S.C. § 2244(d).

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]Petitioner did not provide a signature execution date in the petition, nor did he fill out the portion of the petition that would have reflected the date he placed the petition in the prison mailing system for delivery to the Court. (*See* Doc. 8, p. 16). However, his *in forma pauperis* application dated September 16, 2010, which was submitted for filing with the petition, included an "Inmate Demand Statement" dated October 19, 2010; the statement pertained to petitioner's prison account and covered the period from April 22, 2010 through October 19, 2010. (*See* Doc. 1).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the statute of limitations is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner's cause of action arose and was certainly discoverable in the exercise of due diligence by the time petitioner was sentenced on March 14, 2008. Therefore, the claim is governed by the one-year limitations provision set forth in § 2244(d)(1)(A), which began to run when petitioner's conviction became final by the conclusion of direct review or expiration of time for seeking such review.

Petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A) on April 13, 2008, when the thirty-day period expired for filing a timely appeal to the Ohio Court of Appeals from the March 14, 2008 final judgment entry. *See* Ohio R. App. P. 4(A). The statute of limitations commenced running on April 14, 2008, one day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later unless tolled under statutory or equitable tolling principles.

During the applicable one-year limitations period commencing April 14, 2008, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. §

4

2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, respondent concedes that the statute of limitations, which had run for 336 days, was tolled under § 2244(d)(2) when petitioner filed his post-conviction petition with the trial court on March 16, 2009. The statute commenced running again at the latest on April 20, 2009, the first business day following the expiration of the thirty-day period in which petitioner could have appealed to the Ohio Court of Appeals from the trial court's March 19, 2009 decision overruling the post-conviction petition.[3] At that point, only 29 days remained in the one-year limitations period, which was due to expire by May 19, 2009.

Therefore, unless equitable tolling principles apply here, the limitations period ended on May 19, 2009, and the instant petition filed nearly one and one-half years later on October 19, 2010, is time-barred.[4]

The AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling

---

[3] The 30-day appeal period actually ended on April 18, 2009, which fell on a Saturday. Therefore, the undersigned assumes that the period was extended to include the next business day.

[4] The filing date of a *pro se* prisoner's federal habeas petition is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). The earliest possible date petitioner could have done so in this case was October 19, 2010, the date reflected on the "Inmate Demand Statement" attached to the *in forma pauperis* application submitted by petitioner with the petition for filing. (*See* Doc. 1). Therefore, the undersigned assumes that the petition was filed on that date.

5

in appropriate cases. *Holland*, 130 S.Ct. at 2560; *see also Sherwood v. Prelesnik,* 579 F.3d 581, 587-88 (6th Cir. 2009); *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004); *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir. 2001). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

The Sixth Circuit requires the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood,* 579 F.3d at 588; *Dunlap,* 250 F.3d at 1003, 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. Petitioner also has not shown that he lacked notice or constructive knowledge of the one-year filing requirement for federal habeas petitions, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner

has not been diligent in pursuing his rights.

Finally, petitioner has not demonstrated that he is entitled to equitable tolling based on a credible showing of actual innocence. *See Souter v. Jones,* 395 F.3d 577, 588 (6th Cir. 2005).

Accordingly, in sum, the undersigned concludes that under the applicable one-year limitations provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations commenced running on April 14, 2008, one day after petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review. The one-year period ended at the latest on May 19, 2009, after taking into account statutory tolling of the statute of limitations while petitioner's post-conviction petition was pending before the state courts. Equitable tolling principles do not apply to further toll the limitations period in this case. Therefore, the instant habeas corpus petition (Doc. 8), which was filed at the earliest on October 19, 2010, or nearly one and one-half years after the expiration of the one-year limitations period, should be **DISMISSED** with prejudice because it is time-barred.[5]

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 8) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue in this case because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its

---

[5]Because it is clear that the petition is subject to dismissal with prejudice because it is untimely, the undersigned need not address respondent's alternative ground for dismissing the petition.

procedural ruling.[6]

    3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:   9/26/2011                               s/Karen L. Litkovitz
        cbc                                       Karen L. Litkovitz
                                                       United States Magistrate Judge

---

[6] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred petition. *See Slack,* 529 U.S. at 484.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| LARRY GROVES,<br>    Petitioner, | Case No. 1:10-cv-735 |
| | Spiegel, J. |
| vs | Litkovitz, M.J. |
| OHIO ADULT<br>PAROLE AUTHORITY,<br>    Respondent. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Larry Groves<br>1271 Iliff Ave<br>Cinti, Ohio 45205 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4118 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |